1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ANA NATAREN RIOS,

12                    Plaintiff,                    No. 2:24-cv-01090-TLN-JDP

13

14              v.                                  **ORDER**

15    WALMART, INC., a corporation;
      RICKEY ROBERTSON, an individual;
16    and DOES 1 through 25, inclusive,

17                    Defendants,

18

19          This matter is before the Court on Plaintiff Ana Nataren Rios's ("Plaintiff") Motion to

20    Remand.  (ECF No. 6.)  Defendant Walmart, Inc. ("Defendant") opposed the motion.[1]  (ECF No.

21    9.)  Plaintiff replied.  (ECF No. 11.)  For the reasons set forth below, Plaintiff's motion is

22    DENIED.

23    ///

24    ///

25    ///

26

27    _____

      [1]      Defendant Rickey Robertson ("Robertson") is also a named defendant in this action but
28    does not join in Defendant's opposition.  The Court will refer to all named defendants collectively
      as "Defendants."

                                            1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant action arises out of alleged injuries Plaintiff sustained from a slip and fall while shopping at one of Defendant's stores.  (ECF No. 1 at 10.)  On February 15, 2024, Plaintiff filed a Complaint in San Joaquin County Superior Court against Defendant, Robertson, and Does 1 to 25.  (*Id*. at 7–11.)  The Complaint alleges the following causes of actions against all Defendants: (1) general negligence and (2) premises liability.  (*Id*.)  On April 10, 2024, Defendant removed the action to this Court based on diversity jurisdiction.  (*Id*. at 2.)  On June 6, 2024, Plaintiff filed the instant motion to remand.  (ECF No. 6.)

## II.    STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Diversity is determined at the time the complaint is filed and removal is effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  For diversity purposes, a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  An individual defendant's citizenship is determined by the state in which they are domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper."  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).  "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'"  *Id.* (quoting *Gaus v. Miles, Inc.*, 980

1    F.2d 564, 566 (9th Cir. 1992)).  "This gives rise to a 'strong presumption against removal

2    jurisdiction [which] means that the defendant always has the burden of establishing that removal

3    is proper.'"  *Id.* (quoting *Gaus*, 980 F.2d at 566).

4    **III.    ANALYSIS**

5         In her motion to remand, Plaintiff preemptively responds to the arguments raised in

6    Defendant's notice of removal.  (*See* ECF No. 6-1.)  Plaintiff notes Defendants' removal is based

7    on the assertion that Plaintiff "cannot state the causes of action against Robertson, an

8    employee/manager, because Plaintiff will be unable to show that Mr. Robertson bore any

9    responsibility for the maintenance or control of a store that he did not own, manage, or even work

10   at when the incident occurred."  (*Id.* at 6 (internal quotation marks omitted).)  Plaintiff argues this

11   Court lacks subject matter jurisdiction because even if Robertson was not employed by Defendant

12   at the time of the accident, joining the correct manager on duty — likely a California resident —

13   would defeat complete diversity.  (*Id.*)

14        In opposition, Defendant argues Robertson should be considered a fraudulently joined

15   party because he was neither employed by Defendant nor present during the slip and fall incident,

16   and therefore Plaintiff is unable to establish a claim against him.  (ECF No. 9 at 6.)  Defendant

17   further argues the possibility of naming another employee is irrelevant to the determination of

18   whether Robertson is a fraudulently joined party because the removability of an action is

19   determined based on Plaintiff's pleadings at the time the notice of removal is filed.  (*Id.* at 5.)

20   Defendant notes that the only named defendants were Robertson and Defendant when it filed its

21   notice of removal.  (*Id.*)

22        "[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been

23   fraudulently joined."  *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th

24   Cir. 2018).  "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading

25   of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-

26   diverse party in state court.'"  *Id.* (quoting *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044

27   (9th Cir. 2009)) (additional citations omitted).  "Fraudulent joinder is established the second way

28   if a defendant shows that an 'individual joined in the action cannot be liable on any theory.'"  *Id.*

3

1   (quoting *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998)).  "But 'if there is a

2   possibility that a state court would find that the complaint states a cause of action against any of

3   the resident defendants, the federal court must find that the joinder was proper and remand the

4   case to the state court.'"  *Id*. (quoting *Hunter*, 582 F.3d at 1044).

5        In the instant case, Defendant argues Robertson has been fraudulently joined because

6   Plaintiff cannot possibly assert a claim against him for general negligence or premises liability.

7   (ECF No. 9 at 4.)  Defendant's Asset Protection Coach Shelly Sanchez, who works in the store

8   where the alleged incident occurred, submitted a declaration accompanying the notice of removal

9   in which she avers Robertson was not employed by Defendant at the time of the alleged incident,

10   Defendant had terminated Robertson's employment over one year prior to the alleged incident,

11   and thus Robertson was not present at the store or acting on behalf of Defendant at the time of the

12   incident.  (ECF No. 1-3 at 1.)  Under California law, Robertson cannot be liable if he was not

13   employed or present when Plaintiff allegedly fell because that means Robertson had no control

14   over the area where the injury allegedly occurred.  *See Moses v. Roger-McKeever*, 91 Cal. App.

15   5th 172, 179–180 (2023) (explaining a defendant only owes a duty of care if the defendant had

16   control over the area where the plaintiff's injury occurred.).  Further, whether Plaintiff could add

17   another party to defeat complete diversity is irrelevant because diversity is decided by the parties

18   listed in the complaint at the time of removal.  *See Strotek Corp*, 300 F.3d at 1131.

19        Accordingly, the Court finds Defendant has met its burden in establishing fraudulent

20   joinder.  Therefore, complete diversity exists in this action because Plaintiff is a citizen of

21   California, Defendant is a citizen of Delaware and Arkansas, and Robertson's citizenship is

22   ignored as he was fraudulently joined.  (ECF No. 1 at 2.)  Accordingly, the Court DENIES

23   Plaintiff's motion to remand.

24       **IV.**   **CONCLUSION**

25        For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.  (ECF No.

26   6.)

27   //

28   //

IT IS SO ORDERED.

Date: January 24, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE